UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ARMANDO GUTIERREZ, JR., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-359 |
| | § | |
| CITY OF CORPUS CHRISTI, *et al*, | § | |
| | § | |
| Defendants. | § | |

# ORDER

Plaintiff filed suit alleging his former employer, the City of Corpus Christi, violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, by discriminating against him on the basis of age. (D.E. 1).[1] This matter comes before the Court on Defendant's Motion for Summary Judgment. (D.E. 30). Having considered the motion, Plaintiff's response (D.E. 36), Defendant's reply (D.E. 37), Plaintiff's surreply (D.E. 38) and the evidence presented to the Court, for the reasons set forth below, the Motion is **GRANTED** as to Plaintiff's claims of discrimination regarding race, national origin, color or ethnicity and is **DENIED** as to Plaintiff's claims of age discrimination.

---

[1] Plaintiff originally included claims of discrimination based on race, national origin, color or ethnicity discrimination. However, Plaintiff does not contest Defendant's motion for summary judgment on these claims. (D.E. 36, Page 5).

I.      PROCEDURAL HISTORY AND BACKGROUND

Plaintiff, a 55[2] year old Hispanic male, was employed by the Defendant from November 24, 2008 until June 26, 2012, performing professional engineer duties first in the Engineering Services Department and subsequently also in the Development Services Department.  Plaintiff was an experienced engineer when hired, having previously worked for other cities as an engineer and operating his own engineering firm.  (D.E. 36 1, Pages 4-11).[3]  Prior to June 2012, the month of his termination, Plaintiff was never reprimanded or otherwise disciplined at work.  (D.E. 36-1, Page 12).

According to Plaintiff, his responsibilities changed during June 2012 and he was not given appropriate training for his new duties, specifically regarding the use of the Defendant's software.  Plaintiff maintains he could not properly access the systems he was required to use and received no assistance in resolving those difficulties.  Additionally, Plaintiff states his workload and deadlines, although met, were unrealistic.  Lastly, Plaintiff states he was constantly harassed by Sylvia Carrillo, one of his supervisors, who would tell him to complete a project within certain parameters and then, after completion, change the parameters and require him to redo the same project.  (D.E. 36 and D.E. 36-1, Pages 16-19, 23-30).

In contrast, Defendant argues Plaintiff was fired because of his poor "attitude and work performance while in Development Services as well as prior poor work performance in Engineering Services." (D.E. 37-2).  Specifically, Defendant asserts

---

[2]Plaintiff was born on February 3, 1957.  He was 55 years old at the time he was terminated.  (D.E. 36-1, Page 3).
[3]Plaintiff is a 1979 engineering graduate from the University of Texas who received his Professional Engineer designation in 1988.

2 / 9

Plaintiff was terminated for deficiencies in his submission of commercial plan reviews that were assigned to him on June 18, 2012. (D.E. 36-18, D.E. 37-1, Pages 46-47, and D.E. 37-7).

Plaintiff filed an EEOC charge of discrimination against Defendant on July 10, 2012 alleging race, ethnicity and age discrimination. (D.E. 30-1). The EEOC dismissed Plaintiff's charges on or about May 31, 2013, declined to take further action, and informed Plaintiff he had 90 days to file the present suit. (D.E. 1, Page 9). Plaintiff filed his Complaint in this Court on August 29, 2013. (D.E. 1).

## I. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56. In reaching its decision, the Court must consider the affidavits, depositions, declarations, stipulations, and other documents presented to the Court in the light most favorable to the non-movant. *Caboni v. General Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002). The substantive law identifies which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of a material fact is genuine if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Id*.

The movant has the initial burden of showing that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law. *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 246 (5th Cir. 2003); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). The moving party bears the burden of identifying

those portions of the record he or she believes demonstrates the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 322-25. Once a movant makes a properly supported motion, the burden then shifts to the non-movant to show the existence of a genuine fact issue for trial. *Id.*; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-97 (1986).

The non-movant cannot merely rest on the allegations of the pleadings or on unsubstantiated, subjective beliefs. *Anderson*, 477 U.S. at 248-49. Plaintiffs must establish there are material, controverted facts precluding summary judgment. *Id.* Additionally, the non-movant's burden is not satisfied by showing "some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence. *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995); *see also Brown v. Houston*, 337 F.3d 539, 541 (5th Cir. 2003)("Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment.")(citations omitted); *see also Anderson*, 477 U.S. at 249-52. Accordingly, summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322-23. Where the non-movant fails to present evidence to support his or her claims, there can be no genuine issue of material fact because of the complete failure of proof on an essential matter for which the non-movant bears the burden of proof renders all other issues immaterial. *Id.* at 323.

## II. ANALYSIS

To prevail on his discrimination claim, Plaintiff must present direct or circumstantial evidence that his age was the motivating factor for Defendant's alleged adverse employment actions. "Direct evidence is evidence that, if believed, proves the fact of discriminatory animus without inference or presumption." *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 897 (5th Cir. 2002)(citation omitted). In this case, Plaintiff does not specifically refer in his pleadings to any direct evidence of age discrimination. Therefore, he must rely on circumstantial evidence to prove discrimination and his claim is analyzed under the burden-shifting framework outlined in *McDonnell Douglas v. Green*, 411 U.S. 792 (1973). Plaintiff must first establish a *prima facie* case of discrimination, the elements of which are further discussed below. If Plaintiff successfully establishes a *prima facie* case of discrimination, a presumption of discrimination arises and the burden shifts to the Defendant to articulate a legitimate, nondiscriminatory reason for the employment action taken against the Plaintiff. *See Price v. Fed. Express Corp.*, 283 F.3d 715, 720 (5th Cir. 2002)(*citing McDonnell Douglas*, 411 U.S. at 802). If Defendant satisfies this burden, the burden shifts back to the Plaintiff who must prove "the legitimate reasons offered by the Defendant were not its true reasons, but were a pretext for discrimination." *Crawford v. Formosa Plastics Corp., Louisiana*, 234 F.3d 899, 902 (5th Cir. 2000)(*citing Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 139 (2000).

### III.     AGE DISCRIMINATION[4]

Under the ADEA, it is unlawful for an employer to discharge an employee because of the employee's age.  *See* 29 U.S.C. § 623(a)(1).  In order to establish a *prima facie* case of age discrimination under the ADEA in the absence of direct proof of discrimination, Plaintiff must establish he is (1) within a protected class (i.e. over 40 years old); (2) qualified for the position; (3) suffered an adverse employment decision; and (4) was either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of his age.  *Kean v. Jack Henry & Assoc., Inc.*, 577 Fed. App'x 342, 349 (5th Cir. 2014)(*citing Jackson v. Cal-W. Packaging Corp.*, 602 F.3d 374, 379 (5th Cir. 2010)); *See also Machinchick v. PB Power, Inc.*, 398 F.3d 345, 350 (5th Cir. 2005).

While the parties agree Plaintiff is (1) over the age of 40, (2) qualified for the position, and (3) was terminated from his employment, there is a dispute about whether he was (4) replaced by someone outside the protected class, younger than him, or otherwise discharged because of his age.  Defendant asserts Plaintiff's replacement was a 52 year old engineer.  (D.E. 36-10, Page 3 and D.E. 37, Page 10).  Specifically, Defendant argues Plaintiff's replacement should be determined by who was hired to fill

---

[4] Defendant's objections to statements in Plaintiff's response on the ground that Plaintiff mischaracterized the evidence are **OVERRULED**.  Rule 56 provides for objections to evidence but does not provide for objections to the other party's briefing.  Fed. R. Civ. P. 56(c)(2).  Defendant further objects to Plaintiff's citation to Plaintiff's deposition, in part, on the ground that the page numbers cited do not support the proposition for which they are cited.  The Court has reviewed the proper pages and therefore, Defendant's objection is **OVERRULED**.  Defendant's objection to Plaintiff's Exhibit F (D.E. 36-6) is **SUSTAINED** as it does not state who prepared it and it is not sworn.  *See* Fed. R. Civ. P. 56(c)(2).  Defendant's objection to Plaintiff's Exhibit P is **SUSTAINED** in part and the Court will disregard the phrase "he was replaced by."

Plaintiff's actual position classification number in the Engineering Department. Plaintiff, however, advances that his replacement should be determined by who was hired after he was terminated to complete his job duties in both departments and that the persons assigned to complete his duties were all younger, including at least two in their mid-thirties. (D.E. 36, Page 11 and D.E. 36-11, Pages 15-18).

Both Plaintiff and Defendant have presented competent summary judgment evidence to support their positions. It is difficult to determine who actually replaced Plaintiff, whether it be the person hired with the job classification number of Plaintiff's position in the Engineering Department or the persons hired who completed Plaintiff's actual job duties in both departments. Due to factual disputes regarding which individuals were in fact Plaintiff's replacements and due to the large age variance in the replacements, the Court finds there is a genuine issue of material fact with respect to the fourth element. Conflicting evidence as to the identity of the person or persons who replaced Plaintiff does not permit the Court to decide this element of the *prima facie* case as a matter of law. Accordingly, given the requirement that the Court view the facts in favor of the non-moving party, the Court determines that Plaintiff has made a *prima facie* case of age discrimination for the purposes of summary judgment.

The Court now turns to Defendant's proffered reason for Plaintiff's termination. Defendant asserts Plaintiff was discharged, not because of his age, but for poor performance. As Defendant has offered a non-discriminatory reason for Plaintiff's termination, Plaintiff must prove that the reason is a pretext and that he was terminated as a result of his age. Plaintiff has provided the Court with competent summary judgment

evidence that raises a genuine issue of material fact regarding the validity of Defendant's proferred reason because all of the supervisors involved have given conflicting testimony as to who decided to terminate the Plaintiff.  Defendant identified Sylvia Carrillo, Assistant Director of Development Services and Dan Biles, Assistant Director of Engineering Services, as the decision makers involved in Plaintiff's termination.  (D.E. 36-12, Page 3).  However, Ms. Carrillo testified her supervisor, Mark Van Vleck, the Director of Development Services, was the primary decision maker.  (D.E. 37-3, Page 76).  In contrast, Mr. Van Vleck stated he was not involved in the decision to terminate Plaintiff and that it was Mr. Biles, as Director (rather than Assistant Director) of Engineering Services, and Bill Green, Assistant Director of Engineering Services, who made the decision to terminate the Plaintiff.  (D.E. 36-13, Pages 7-10).  Mr. Biles, in support of Defendant's reply to Plaintiff's response to the pending motion, provided an affidavit in which he stated, "As Director of Engineering Services, it was my decision to terminate Armando Gutierrez based upon attitude and work performance while in Development Services as well as poor work performance in Engineering Services." (D.E. 37-2).  However, Mr. Biles also states that, "On April 6, 2012 [Plaintiff] was assigned full time duties in the Development Services Department."  (D.E. 37-2).  In response, Plaintiff avers he worked in a different building than Mr. Biles and did not see Mr. Biles after April 6, 2012.  (D.E. 38-3).

Defendant's explanation that Plaintiff's employment was terminated, not because of his age, but because of his poor work performance does have support in the evidence. However, Defendant's difficulty in identifying who was involved in the decision to

terminate Plaintiff casts doubt on its explanation. Further, Defendant's failure to follow its progressive discipline policy prior to Plaintiff's termination casts further doubt on the proffered reason. (D.E. 36-13, Pages 13-17). As such, there is evidence from which a trier of fact could determine Defendant's explanation is not the sole motivation behind Plaintiff's termination and as result, there is an issue of material fact to be decided by a trial on the merits.

Defendant further advances that Plaintiff's discrimination claim is based solely on seniority and pay, not age, and an adverse employment action on those bases is permissible citing *Jefferson v. Christus St. Joseph Hosp.*, 374 Fed. App'x. 485, 492 (5th Cir. 2010). Defendant relies solely on Plaintiff's response to deposition questions that he had no personal knowledge the Defendant terminated him due to his age and that he surmised Defendant was discharging older workers and replacing them with younger workers as a way for Defendant to save money. However, Plaintiff's Amended Complaint alleges he was discharged due to age and Plaintiff's responses do not defeat his age discrimination claim on summary judgment. (D.E. 4).

### III. CONCLUSION

For the foregoing reasons, the Motion is **GRANTED** as to Plaintiff's claims of discrimination regarding race, national origin, color or ethnicity and is **DENIED** as to Plaintiff's claims of age discrimination.

ORDERED this 12th day of January, 2015.

_____
Jason B. Libby
United States Magistrate Judge